UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROGER HAINES,

                    Plaintiff,                         Case No. 14-cv-14438

v                                        Honorable Thomas L. Ludington

FEDERAL MOTOR CARRIER SAFETY
ASSOCIATION, et al.,

                    Defendants.

_____/

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO AMEND

On November 19, 2014, Plaintiff Roger Haines filed suit against Defendant Federal Motor Carrier Safety Association and several of its agents. Haines alleges that Defendants violated the Administrative Procedures Act, 5 U.S.C. § 101 *et seq*., and his Fourteenth Amendment rights when it declared one of his motor coaches an "imminent hazard" to public safety.

On March 9, 2015, Defendants filed a motion to dismiss, contending that this Court lacks subject matter jurisdiction over Haines's APA claim and that Haines had not stated a claim with respect to his Fourteenth Amendment allegations. Because Haines is not appealing a "final agency decision," this Court lacks jurisdiction over the claim and it will be dismissed without prejudice. Moreover, Haines's Fourteenth Amendment claims will be dismissed because 42 U.S.C. § 1983 authorizes suits against *state* actors only, and Haines is suing *federal* actors.

While Defendants' motion to dismiss was pending, Haines filed a motion for leave to amend his complaint. The proposed amendment would clarify that he is bringing a *Bivens* action

against the federal actors, rather than a § 1983 action. However, because the proposed amendment would be futile, Haines's motion to amend will be denied.

## I.

Haines owns and operates Haines Tours, a for-hire passenger carrier headquartered in Gladwin, Michigan. Am. Compl. ¶ 10. In 2000, Haines modified the luggage area of one of his buses to become a new sleeper area. *Id.* ¶ 13.

In August 2010, the FMCSA—a division of the Department of Transportation—conducted a compliance review of one of Haines's buses. During the compliance review, the FMCSA safety investigator found that two of Haines's buses were equipped with sleeper berths in the buses' luggage compartments that did not conform to the requirements of 49 C.F.R. § 393.76. Specifically, the investigator cited Haines for:

- using a sleeper berth that does not allow an occupant's direct and ready exit, 49 C.F.R. § 393.76(a)(3);

- using a sleeper berth that does not have at least two exits, at opposite ends of the vehicle, that are usable by the occupant without the assistance of any other person, 49 C.F.R. § 393.76(c)(2)(ii).

Am. Compl. Ex. 4. The FMCSA disallowed the use of the sleeper berth but approved the bus for normal operations on May 16, 2011. Am. Compl. ¶ 21.

About two weeks later, on May 29, 2011, Haines "had a trip with no need for the driver to use the sleeper." Am. Compl. ¶ 22. Therefore, Haines "had some of his family in there for the trip." *Id.* According to Haines, someone "noticed the family in the sleeper area and notified the authorities." *Id.*

On June 10, 2011, the FMCSA issued an Out-of-Service Order to Haines, finding that Haines's bus was an "imminent hazard" to public safety. Am. Compl. ¶ 24. The Out-of-Service Order concluded that Haines's practice of "transport[ing] passengers in the luggage

compartments of motor coaches . . . violates 49 C.F.R. § 392.62(c)(2) and (3) and substantially increase[s] the likelihood of serious injury or death to HAINES' passengers."  Am. Compl. Ex. 4.  The Out-of-Service Order directed Haines to "cease all commercial motor vehicle operations . . . ."  Ex. 4.  As a result of the immediate cessation of all operations, two buses were stranded in Chicago, IL.  Am. Compl. ¶ 25.

Four days later, on June 14, 2011, Haines contacted Defendant Jones, Administrator of the FMCSA Midwest Field Office, to dispute the Out-of-Service Order.  Am. Compl. ¶ 27. Jones rescinded the Out-of-Service Order on June 15, 2011, noting the "corrective action measure implemented by Roger Haines dba Haines Tours have abated the condition of imminent hazard, as described in the June 10, 2011 Operations Out-of-Service Order."  Am. Compl. Ex. E.

The next day, on June 16, 2011, Defendant Farro, then FMCSA Administrator, reversed Jones's determination and reinstated the Out-of-Service Order.  Am. Compl. ¶ 28.  Farro concluded that "I do not find that the corrective action measures implemented by Haines are sufficient to [ab]ate the imminent hazard posed by this carrier."  Am. Compl. Ex. G.

About eight months later, in February 2012, the FMCSA rescinded the Out-of-Service Order.

## II.

Defendants challenge Haines's complaint on two grounds: First, they contend that this Court lacks jurisdiction over Haines's APA claims because he did not exhaust his administrative remedies.  Second, they contend that Haines has not asserted a claim pursuant to § 1983 because that statute only applies to state actors, not federal actors.

**A.**

Defendants first claim that this Court lacks subject matter jurisdiction over Haines's APA claims because he has not exhausted his administrative remedies. In his amended complaint, Haines contends that the FMCSA's designation of his motorcoach as an "imminent hazard" was arbitrary and capricious.

Under the APA, exhaustion of administrative remedies does not apply absent a requirement by statute or agency rule. *Darby v. Cisneros*, 509 U.S. 137, 153 (1993). Until a plaintiff has pursued available administrative relief, an APA "suit is premature and must be dismissed." *Reiter v. Cooper*, 507 U.S. 258, 269 (1993). "'Exhaustion' applies where a claim is cognizable in the first instance by an administrative agency alone." *United States v. W. Pac. R.R. Co.*, 352 U.S. 59, 63 (1956). Federal courts generally hold that "[e]xhaustion of DOT procedures should be required" in those circumstances concerning issues that "fall[] squarely within the regulatory scheme and (substantive expertise) of DOT." *Campbell v. Federal Express Corp.*, 918 F. Supp. 912, 918 (D. Md. 1996); *Prado v. Continental Air Transp. Co.*, 982 F. Supp. 1304, 1308 (N.D. Ill. 1997) ("The court will not abrogate clear congressional intent which vests driver fitness issues in the Secretary of Transportation."); *Harris v. P.A.M. Transport, Inc.*, 339 F.3d 635, 638 (8th Cir. 2003).

Here, the DOT—and by extension, the FMCSA which is a division of the DOT—is charged with setting guidelines outlining the parts and accessories of motor vehicles that are necessary for safe operation. *See* 49 C.F.R. § 393. Thus, the DOT is much better equipped to handle resolution of disputes of motor vehicle safety qualifications and can do so far more expertly and efficiently than a reviewing court. Therefore, Haines must exhaust his administrative remedies before challenging the DOT's action in federal court.

Haines did not exhaust his administrative remedies, and therefore this Court lacks subject matter jurisdiction over his APA claims.  Accordingly, the APA claims will be dismissed without prejudice.

**B.**

Haines disputes that he needed to exhaust his administrative remedies prior to filing suit in federal court.  But even if he did not need to exhaust his administrative remedies, this Court would still lack jurisdiction over his APA claims because the decisions at issue were not "final agency actions."

The APA provides persons the general right of judicial review when they are aggrieved by an agency action.  5 U.S.C. § 702.  Such judicial review is limited to a "final agency action." 5 U.S.C. § 704.  In the absence of a "final agency action" under the APA, a district court does not have subject matter jurisdiction over the claim.  *LaMarca v. United States*, 34 F. Supp. 3d 796, 804 (N.D. Ohio 2014).

For agency action to be considered "final", two conditions must be satisfied: "First, the action must mark the 'consummation' of the agency's decision making process.  It must not merely be tentative or interlocutory in nature.  And second, the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'" *Bennet v. Spear*, 520 U.S. 154, 178 (1997).  The "core question is whether the agency has completed its decisionmaking process, and whether the result of that process is one that will directly affect the parties." *Sierra Club v. Slater*, 120 F.3d 623, 631 (6th Cir. 1997).  The finality doctrine must be applied in a "flexible" and "pragmatic way." *Abbott Labs v. Gardner*, 387 U.S. 136, 149-150 (1967) (superseded on other grounds in *Lubrizol Corp. v. Train*, 547 F.2d 310 (6th Cir. 1976)).

Here, it appears that Haines is seeking review of the June 10, 2011 Out-of-Service Order. Am. Compl. Ex. 4.  The Out-of-Service order notified Haines that his motor carrier operations "constitute an 'imminent hazard," and required that Haines immediately cease all commercial motor vehicle operations.  *Id*. at 2-3.  But this Out-of-Service Order was not a final agency action because it contemplated further agency action: "*While a compliance review is currently being conducted of HAINES' operations*, this Imminent Hazard Order is necessary to put an immediate stop to this highly dangerous practice."  Am. Compl. Ex. 4 (emphasis added).  Thus, by its own terms, the Out-of-Service Order was a temporary order pending continued investigation.  Moreover, the Out-of-Service Order was rescinded twice and re-instated once—indicating that the original Out-of-Service Order was not final, but changeable.  Indeed, after the investigation, the Out-of-Service Order was permanently rescinded on December 6, 2012, when the FMCSA reinstated Haines's authority to operate motor carriers interstate.  Am. Compl. ¶ 41.

Because the Out-of-Service Order was rescinded by a subsequent FMCSA finding and order, the Out-of-Service Order was not the "consummation of the agency's decision making progress."  *Bennet*, 520 U.S. at 178.  Therefore, the temporary Out-of-Service Order was not a binding, final decision.  *See Lasmer Industries, Inc. v. Defense Supply Center Columbus*, 2008 WL 2457704, at *6 (S.D. Ohio June 13, 2008) (issuance of notice of debarment not final action "because the legal conclusions contained in it . . . are subject to change as the administrative procedure moves forward."); *Air Brake*, 357 F.3d at 645 ("Initiating enforcement proceedings against a company . . . may have a devastating effect on the company's business, but that does not make the agency's action final.").

Similarly, the June 16, 2011 Order vacating the rescission order issued by Defendant Farro was also a temporary decision—it was rescinded in March 2012.  Therefore, it was not the

"consummation of the agency's decision making progress," *Bennett*, 520 U.S. at 178, and not a final agency action that would confer subject matter jurisdiction.

Neither the 2011 Out-of Service Order issued by the FMCSA nor the June 16 2011, Order was a final agency action, and this Court has no authority under the APA to review it.[1]

### C.

In addition to his APA claim, Haines also asserted claims against Defendants under the Fourteenth Amendment for violation of procedural due process and the equal protection. Haines brings the claims pursuant to 42 U.S.C. § 1983, which permits suits against state officials. Because Haines is suing only federal officials, however, his Fourteenth Amendment claims will be dismissed. *Floyd v. Cleland*, 2007 WL 2822796, at *1 (E.D. Mich. Sept. 25, 2007) ("42 U.S.C. § 1983 does not apply to actions against federal officials, because they are not state actors acting under color of state law.") (citing *Benson v. United States*, 969 F. Supp. 1129, 1135 (N.D. Ill. 1997)).

### D.

In summary, this Court lacks jurisdiction to review Haines's APA claims because the June 10, 2011 Out-of-Service Order and the June 16, 2011 Order rescinding the rescission were not "final agency actions" that are subject to judicial review. And, even if they were final actions, courts of appeal alone are vested with the jurisdiction to review appeals of the DOT's final orders. Therefore, Haines's APA claim will be dismissed without prejudice pursuant to Rule 12(b)(1).

---

[1] It is important to note that, even if the 2011 Out-of-Service Order was a "final agency action", this Court still would not have subject matter jurisdiction. The Hobbs Act grants the court of appeals exclusive jurisdiction to set aside or determine the validity of certain "rules, regulations, or final orders" of the Secretary of Transportation. 28 U.S.C. § 2342(3); *Alliance for Safe, Efficient and Competitive Truck Transp. v. Federal Motor Carrier Safety Admin.*, 755 F.3d 946, 949 (D.C. Cir. 2014); *see also* 49 U.S.C. § 351(a) (providing that an action taken by FMCSA pursuant to delegated authority "may be reviewed judicially to the same extent and in the same way as if the action had been an action by the department.").

In addition, Haines has not stated a claim for which relief may granted with respect to his procedural and due process claims. Although he is suing only federal actors, he nonetheless brought suit pursuant to 42 U.S.C. § 1983. Because § 1983 does not apply to federal actors, Haines's § 1983 claims will be dismissed with prejudice pursuant to Rule 12(b)(6).

### III.

On March 25, 2015, Haines filed a motion to amend his complaint.[2] Haines seeks to correct his mispleading: instead of erroneously bringing suit under 42 U.S.C. § 1983, Haines wants to amend his complaint to clarify that he is suing federal actors pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). At the very least, this proposed amendment would cure the fatal error discussed above.

Unless a party is entitled to amend as of right, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).[3] "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A court may also deny leave to amend when the proposed amendment would be futile. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003). To determine whether an amendment would be futile, the Court determines whether the amendment could survive a motion to dismiss pursuant to Rule 12(b)(6). *Keely v. Dep't of Veterans Affairs*, 2011 WL 824493, at *1 (E.D. Mich. 3, 2011).

Here, Haines's proposed amendment, which would allege *Bivens* claims, would be futile. First, the statute of limitations on Haines's *Bivens* claim has already expired. The Sixth Circuit

---

[2] To be clear, Haines filed *only* a motion; he did not file a supporting brief that explained why this Court should grant his motion. *See* E.D. Mich. LR 7.1(d)(1) ("Unless the court permits otherwise, each motion and response to a motion must be accompanied by a single brief."). Defendants filed a response to the motion on April 8, 2015, contending that Haines's motion to amend should be denied. *See* ECF No. 14. Haines did not file a reply. In other words, Haines has made no arguments for why his motion to amend should be granted.

[3] Rule 15(a)(1), which allows amendment as a matter of course, does not apply here because Haines has already amended once as of right. *See* Am. Compl., ECF No. 5.

has explained that "[i]n addressing the timeliness of a federal constitutional damages action, 'the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so.'" *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005) (quoting *Wilson v. Garcia*, 471 U.S. 261, 266-67 (1985)).  This practice applies to *Bivens* claims. *Id.* (citing *McSurely v. Hutchinson*, 823 F.3d 1002, 1005 (6th Cir. 1987)).

For civil rights suits filed in Michigan, the statute of limitations is three years.  Mich. Comp. Laws § 600.5805(8); *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir. 1986).  In this case, the three-year statute of limitations began to run on June 10, 2011—the date the FMCSA issues the Out-of-Service order that Haines is challenging.  Thus, Haines had until June 10, 2014 to file his *Bivens* claims.  However, Haines did not file this lawsuit until five months later, on November 19, 2014, and he did not attempt to include a *Bivens* claim until March 2015. Accordingly, his *Bivens* claims are untimely and would not survive a Rule 12(b)(6) motion to dismiss.

But even if Haines's *Bivens* claims were timely, they would not survive a Rule 12(b)(6) motion because *Bivens* does not provide a remedy in this case.  Haines's proposed *Bivens* claims assert that Defendants violated his Fifth Amendment due process and equal protection rights by instituting the Out-of-Service Order.  But *Bivens* actions "do not cover every constitutional right and do not apply in every context." *Krafsur v. Davenport*, 736 F.3d 1032, 1035 (6th Cir. 2013) (citing *Wilkie v. Robbins*, 551 U.S. 537 (2007)).  *Wilkie* outlined a two-step process to guide courts in their determination of whether or not a *Bivens* remedy is available.  First, the court should consider whether there is an alternative existing process that is sufficient to protect the interests at issue.  Second, if no such remedial scheme exists, the court must consider whether there are other alternative tribunals or special factors counseling hesitation in creating a new kind

- 9 -

of federal litigation.  *Wilkie*, 551 U.S. at 550.  "The Court has not created additional *Bivens* remedies where the design of the government program suggests that Congress provided what it considered adequate remedial mechanisms for constitutional violations that may occur in the course [of the program's] administration."  *Jones v. Tennessee Valley Authority*, 948 F.2d 258, 263 (6th Cir. 1991) (citing *Schweiker v. Chilicky*, 487 U.S. 412, 421-23 (1988)).

Here, a *Bivens* remedy is not available because the APA provides an adequate alternative remedy for unfavorable agency actions.  The APA expressly declares itself to be a comprehensive remedial scheme: it states that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review," 5 U.S.C. § 702, and the sets forth procedures for such review.  *See id.* §§ 704, 706.  "The APA's comprehensive provisions . . . allow any person 'adversely affected or aggrieved' by agency action to obtain judicial review thereof, so long as the decision challenged represents a 'final agency action for which there is no other adequate remedy in a court.'".  *Webster v. Doe¸* 486 U.S. 592, 599 (1988) (quoting 5 U.S.C. §§ 701-706).  Indeed, in *Wilkie*, the Supreme Court noted that the plaintiff had an adequate remedy for an "unfavorable agency action[]" because "[f]or each claim, administrative review was available, subject to ultimate judicial review under the APA."  *Id.* at 552.  In sum, the comprehensive nature of the APA raises the inference that Congress "expected the Judiciary to stay its *Bivens* hand" and therefore "the APA leaves no room for *Bivens* claims based on agency action or inaction."  *Western Radio Services Co. v. U.S. Forest Service*, 578 F.3d 1116, 1123 (9th Cir.

2009).  Accordingly, Haines's proposed *Bivens* claims based on the FMCSA's actions would not survive a motion to dismiss.[4]

Haines's proposed *Bivens* claims are untimely and would be futile.  Therefore, Haines's motion to amend his complaint will be denied.

### IV.

Accordingly, it is **ORDERED** that Defendants' Motion to Dismiss (ECF No. 8) is **GRANTED**.  Count 1 of Haines's Amended Complaint (Violation of the APA) is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  Counts 2 (Violation of Procedural Due Process) and 3 (Violation of Equal Protection) are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

It is further **ORDERED** that Plaintiff Haines's Motion for Leave to File Second Amended Complaint (ECF No. 11) is **DENIED**.

It is further **ORDERED** that the motion hearing set for May 27, 2015 is **CANCELLED**.


s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: April 27, 2015

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 27, 2015.

s/Karri Sandusky
Karri Sandusky, Acting Case Manager

---

[4] It is also noteworthy that any *Bivens* claim against the FMCSA would be futile for another reason: the Supreme Court has held that no *Bivens* remedy is available against a federal agency.  *See FDIC v. Meyer*, 510 U.S. 471, 484 (1994).